IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE  DIVISION

UNITED STATES OF AMERICA                           PLAINTIFF/RESPONDENT

      V.                         Civil  No.  07-5070
                              Criminal No.  5:04-cr-50016

JORGE CASTANEDA                                    DEFENDANT/PETITIONER


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. (Doc. 197) filed April 24, 2007.  The United States filed a Response (Doc. 199) on May 23, 2007.  The Petitioner has not filed a Reply.

## I.  Background

On May 5, 2004, Castaneda was named in three counts (Counts Three, Five, and Seven) of a seven-count Indictment filed in the United States District Court for the Western District of Arkansas charging Castaneda and several co-defendants with federal crimes related to the distribution of methamphetamine. (Doc. 34: Indictment)

Castaneda subsequently moved to suppress the evidence found in his vehicle, contending that (1) the police lacked probable cause to believe that the vehicle contained contraband; and (2) the search of the vehicle was not a valid search incident to arrest. The district court denied the motion, finding that there was probable cause to search the vehicle based upon all of the facts known to the police. On June 23, 2004, Castaneda appeared before the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas, for a Change of Plea Hearing. At the hearing, a Plea Agreement was presented wherein Castaneda agreed to

1

plead guilty to Count Five of the Indictment in exchange for the Government's agreement to move to dismiss Counts Three and Seven. (Doc. 123: Plea Agreement ¶ 1) The plea was made conditionally, with Castaneda reserving his right to appeal the district court's denial of his Motion to Suppress. (Plea Agreement ¶ 2). In the Plea Agreement, Castaneda specifically acknowledged having been advised of his constitutional and statutory rights, including the right "to have a speedy and public trial by jury", and he acknowledged that he waived his rights (other than the right to be represented by an attorney). (Plea Agreement ¶¶ 3 and 4). The Plea Agreement further contained a stipulation where in Castaneda agreed that the most readily provable amount of drugs he should be held accountable for was at least 150 but less than 500 grams of actual methamphetamine, and that the appropriate gross base offense level was 34. (Plea Agreement ¶ 8). Castaneda further acknowledged that he faced a mandatory minimum of 10 years imprisonment with a maximum of Life. (Plea Agreement ¶ 9). On December 13, 2004, Castaneda appeared for his Sentencing Hearing, at which the district court adopted findings contained in the PSR and sentenced Castaneda to 135 months imprisonment, $2500 fine, 5 years supervised release, and $100 special assessment. (Doc. 146)

Castaneda subsequently appealed the district court's denial of his Motion to Suppress. On February 24, 2006, the Eighth Circuit Court of Appeals issued an opinion affirming the district court's denial of the Motion to Suppress. *United States v. Castaneda*, 438 F.3d 891 (8th Cir. 2006) The Eighth Circuit held that "[g]iven [the] evidence, law enforcement had probable cause to believe that methamphetamine would be found in Castaneda's vehicle" and that the warrant less search of the vehicle was therefore valid under the automobile exception to the warrant requirement. Id. at 893 In response to Castaneda's alternative argument that the search

was not valid because it was not a valid search incident to arrest, the Court held that the "search of Castaneda's vehicle was valid notwithstanding the fact that his vehicle was taken to the Rogers Police Department rather than being immediately searched where it was stopped." Id. at 894 Castaneda subsequently filed Petitions for Rehearing and/or Rehearing en banc in the Eighth Circuit and for Writ of Certiorari in the United States Supreme Court. The Eighth Circuit denied the Petition for Rehearing and Rehearing en banc on April 4, 2006 (Docket Entries #192 and 193) and the Supreme Court denied the Petition for Writ of Certiorari on December 4, 2006 (Docket Entry #195). On April 17, 2007, Castaneda filed the instant Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 197)

## II.  Discussion

### *Ground One: Denial of Sixth Amendment rights*

As his first ground for relief, Castaneda argues that he was unconstitutionally denied his Sixth Amendment right to have a jury determine the elements of his offense. This argument is being raised for the first time on collateral attack and is procedurally barred.

Because habeas relief is an extraordinary remedy which will not be allowed to do service for an appeal, significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which he failed to raise on direct review. *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001)(*citing Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)) "More specifically, a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." Id.; *see also, i.e. Swedzinski v. United States*, 160 F.3d 498, 500 (8th Cir. 1998)(where issue is raised for the first time in a § 2255 motion and petitioner did not raise the

3

issue at trial or on direct appeal, the issue is procedurally defaulted.)

In this case, Castaneda specifically waived his right to be tried by a jury or have elements of the offense determined by a jury when he agreed to plead guilty to Count Fine and signed the Plea Agreement containing his waiver of rights. *See, i.e. Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)(It is well-settled that a defendant may affirmatively waive particular constitutional rights, including the right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination) His argument is therefore foreclosed and there clearly is no evidence on the face of the record that the district court had no power to enter the conviction or impose the sentence. Castaneda does not argue that his plea was not knowingly and voluntarily made and there is no evidence otherwise that the plea was anything but knowingly and voluntarily made. *See, i.e. Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998) (noting that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). Consequently, Castaneda's argument in Ground One is procedurally barred.

Further, a § 2255 petitioner "must show cause for the procedural default and prejudice attributable thereto in order to obtain review of his defaulted constitutional claim." *United States v. Apker*, 174 F.3d 934, 938 (8th Cir. 1999)(*citing* Murray v. Carrier, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)) Castaneda has not established cause for the default and actual prejudice sufficient to overcome the procedural default. Castaneda fails to offer any explanation or point to any evidence which would suffice to establish cause for excusing the procedural default and his argument also clearly falls well short of establishing that he suffered any "actual prejudice" as a result of any alleged error in the proceedings. *See, i.e. Dalton v.*

4

*United States*, 862 F.2d 1307, 1310 (8th Cir. 1988)(*citing* United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)) (in order to demonstrate the "actual prejudice" required to excuse a procedurally defaulted claim, a post-conviction petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.")

Castaneda contends that the indictment was defective because the record is silent that the grand jury complied with Rule 6(f) and that at least 12 jurors concurred in the indictment.  Errors in the grand jury proceedings and in the form of the indictment are matters that cannot normally be raised in a Section 2255 proceeding. *See Little v. U.S.* 524 F.2d 335, C.A. Mo. 1975 citing *Sunal v. Large*, 332 U.S. 174, 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947) "An indictment, not questioned at trial or on direct appeal, is not open to attack by motion under s 2255 , unless it is so obviously defective as not to be capable by any reasonable construction of being said to charge the offense on which conviction was had." *Link v. United States*, 352 F.2d 207 (8th Cir. 1965) at 209. There is absolutely no evidence before the court that the Government did not comply with Rule 6(f).  Accordingly, Castaneda's argument in Ground One is rejected.

### Ground Two: Lack of subject matter jurisdiction

As his second ground for relief, Castaneda argues that the district court lacked subject matter jurisdiction. Castaneda contends that "the United States Attorney misrepresented to the Grand Jury that the federal government ever possessed the Legislative, Territorial, or Admiralty jurisdiction in or over the Locus quo." (Petition at 19) Castaneda claims that since "the land upon which the offense occurred is wholly and solely owned by the State of Arkansas and is not

a territory [defined] within the [C]onstitution...therefore the alleged offense is outside the scope of the subject-matter jurisdiction of this court." (Petition at 24) This argument is without merit.

If an alleged error is jurisdictional, the error may be raised on collateral review without being subjected to procedural default analysis. *United States v. Mooring*, 287 F.3d 725 (8th Cir. 2002) The crux of Castaneda's claim of jurisdictional error in Ground Two is that federal courts lack subject matter jurisdiction over offenses which are not committed on federal property. This argument has been soundly rejected by all courts, including the Eighth Circuit. *See United States v. Deering*, 179 F.3d 592, 597 (8th Cir. 1999)(where defendant was charged with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), his "argument that the district court lacked subject matter jurisdiction over him because his crime did not take place on federally-owned land and the Tenth Amendment reserves drug prosecutions such as his to the states is without merit."(*citing United States v. Owens*, 996 F.2d 59, 61 (5th Cir.1993) *(per curiam)* (prosecution under 21 U.S.C. §§ 841(a) and 846 did "not run afoul of the Tenth Amendment" and statutes were valid exercise of Congress's Commerce Clause power)); *United States v. Brown*, 72 F.3d 96, 97 (8th Cir.1995) *(per curiam)* (noting interstate drug trade affects interstate commerce and § 841(a)(1) is a valid exercise of congressional power)). Thus, because Castaneda was charged with an offense against the laws of the United States, the court clearly had jurisdiction. *See, i.e. United States v. Trotter*, 478 F.3d 918, 920 at fn.2 (8th Cir. 2007) (noting that where a defendant is charged with an offense against the laws of the United States, the federal court clearly has jurisdiction, *citing* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction ... of all offenses against the laws of the United States.")) Charging Castaneda with offenses against the laws of the United States provided the

6

district court with statutory jurisdiction. *United States v. Foster*, 443 F.3d 978, 981 (8th Cir. 2006); see also e.g. *United States v. Sabri*, 326 F.3d 937, 939-40 n. 3 (8th Cir.2003) (concluding federal courts have statutory jurisdiction when a defendant is charged with violating a federal statute, and if the statute has an express jurisdictional element, federal jurisdiction is not lost merely because the government fails to prove that element of the crime) Consequently, Castaneda's argument in Ground Two is without merit and is rejected.

Castaneda also vaguely suggests in Ground Two that his Indictment was defective. However, the Court notes that insufficiency of the indictment is not a jurisdictional issue. *See United States v. Cotton*, 535 U.S. 625, ----, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002); *United States v. White*, 47 Fed.Appx. 429, 2002 WL 31159296 (8th Cir. 2002)(unpublished slip opinion)(available on WESTLAW at 2002 WL 31159296) Accordingly, any argument relating to the sufficiency of the indictment was foreclosed by the plea and is procedurally barred for not having been previously raised in prior proceedings. Because Castaneda has not demonstrated cause and actual prejudice excusing the default, his argument relating to alleged defects in the Indictment are rejected.

### Ground Three: Double Jeopardy

As his third ground for relief, Castaneda argues that he was subject to double jeopardy as a result of "duel sentencing." The crux of Castaneda's claim appears to be that a sentence of supervised release on top of a sentence of imprisonment amounts to two separate sentences violates the Constitution's prohibition against double jeopardy. Castaneda further suggests that being judicially sentenced within the same proceeding to a term of imprisonment which is defined and limited by statute and also to a term of supervised release which is defined not by the

statute but by the United States Sentencing Guidelines, unconstitutionally violates separation of powers principles. These arguments are procedurally barred.

As was the case in Ground One, Castaneda's argument is foreclosed by the fact that he pled guilty to the offense of conviction. There clearly is no evidence on the face of the record that the district court had no power to enter the conviction or impose the sentence, Castaneda does not argue that his plea was not knowingly and voluntarily made, and there is no evidence otherwise that the plea was anything but knowingly and voluntarily made. Consequently, Castaneda's argument in Ground Three is procedurally barred. Further, a § 2255 petitioner "must show cause for the procedural default and prejudice attributable thereto in order to obtain review of his defaulted constitutional claim." *United States v. Apker*, 174 F.3d 934, 938 (8th Cir. 1999)(*citing Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)) Castaneda has not established cause for the default and actual prejudice sufficient to overcome the procedural default. Castaneda fails to offer any explanation or point to any evidence which would suffice to establish cause for excusing the procedural default and his argument also clearly falls well short of establishing that he suffered any "actual prejudice" as a result of any alleged error in the proceedings. *See, i.e. Dalton v. United States*, 862 F.2d 1307, 1310 (8th Cir. 1988)(*citing United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)) (in order to demonstrate the "actual prejudice" required to excuse a procedurally defaulted claim, a post-conviction petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.") Accordingly, Castaneda's argument in Ground Three is rejected.

***Ground Four: Title 18 and Title 28 are unconstitutional***

As his fourth and final ground for relief, Castaneda argues that Title 18 and Title 28 are

unconstitutional. Specifically, he alleges that 18 U.S.C. 3231, vesting the federal district courts

with original jurisdiction over "all offenses against the laws of the United States" is null and

void and unconstitutional and that 28 U.S.C. 2255 and 2241, which were passed at the same

time, are also null and void and unconstitutional because they were "never enac[t]ed into

positive law" and are "unconstitutional on their face." (Petition at 36) These arguments are

without merit.

Public Law 80-772 was the provision that enacted 18 U.S.C. § 3231, which reads as

follows:

"The district courts of the United States shall have original jurisdiction, exclusive of the courts
of the States, of all offenses against the laws of the United States. Nothing in this title shall be
held to take away or impair the jurisdiction of the courts of the several States under the laws
thereof." 18 U.S.C.§ 3231.

Public Law 80-773 formed the basis for the codification of the habeas corpus statutes, 28

U.S.C. § 2241 through 28 U.S.C. § 2255. In United States v. Martinez, ___ F.Supp.2nd ___ , slip

op. no. C-05-423 (S.D.Tex., May 6, 2006) (unpublished) (available on WESTLAW at 2006 WL

1293261), the movant Juan Martinez raised the same claims presented by Castaneda herein.

Martinez claimed that 18 U.S.C. § 3231 , giving federal courts original jurisdiction over federal

crimes, was not validly enacted because it was dependent on Public Law 80-772. He also

contended that because Public Law 80-773 was not validly enacted, the habeas corpus statutes

are unconstitutional. Martinez pointed to *Kennedy v. Sampson*, 511 F.2d 430 (D.C .Cir.1974), a

case involving a challenge to the "pocket veto" power of the President. Two footnotes in that

9

case discuss the adjournment of July 1947, after the House passage of Public Laws 80-772 and 80-773 but before the Senate passage of these bills. The district court for the Southern District of Florida noted that while that the footnotes in Kennedy lent some credence to Martinez's arguments, the footnotes must be read in context. The Court explained that the July 1947 recess was not an intrasession recess, but an intersession recess; hence, the adjournment was not sine die, so as to kill all un-passed bills. In addition, the July 1947 adjournment was not sine die because it was to a date certain (an adjournment sine die meaning that the ending of a session without setting a date certain to reconvene. The July 1947 session of Congress was adjourned until January 2, 1948, which is a date certain; thus, the adjournment was not sine die.) Consequently, the adjournment after the House passage did not kill the bill, and Castaneda's argument to the contrary is clearly without merit and should be rejected.

Similarly, in Derleth v. United States, __ F.Supp.2d __, slip op. no. L-05-205 (S.D.Tex., June 27, 2006) (unpublished) (available on WESTLAW at 2006 WL 1804618), the movant contended that that the adjournment after the first session of the 80th Congress, in July of 1947, killed the House bill, and another version of the bill was later passed by the Senate; however, he said, the bill was never lawfully passed by both chambers. The district court for the Southern District of Texas observed that there was no constitutional requirement that bills passed by one chamber of Congress before an inter-session adjournment of the same Congress be voided, and the rules of Congress, both currently and in the 80th Congress, suggest that legislative business generally continues between sessions of the same Congress as though no adjournment had taken place. See Senate Rule XXXII, S. Doc. No. 80-11, at 44 (1947) and Rules of the House of Representatives Rule XXVI, H.R. Doc. 79-769, at 433 (1947)(referring to unfinished business

10

before committees, but, discussing other business in notes accompanying the rule). Furthermore, the Court explained, even if 18 U.S.C. § 3231 was flawed, legislation that pre-dated this statute would have operated to give the federal courts jurisdiction over federal crimes. As a result, Castaneda's claims concerning the validity of Section 3231 and its enacting legislation, Public Law 80-772, are without merit for this alternative reason as well.

The Supreme Court has made clear on numerous occasions that the habeas corpus statutes are valid and constitutional. *See, i.e* Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 2340 (1996). The Supreme Court's discussion of the writ, its application of these statutes and its acceptance of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") amendments to § 2255 clearly refute Castaneda's assertions. *See* Felker, 518 U.S. at 664; Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478, 2481, 162 L.Ed.2d 343 (2005); *see also* Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir.1996) (*en banc*), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Accordingly, Castaneda's arguments in Ground Four are rejected.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2255, be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

11

Dated this 26th day of September 2007

/s/ J. Marschewski

HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE